| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit to Appropriate Federal Agency:<br><br>U.S. Marshals Service<br>c/o Janice Tate, Office of General Counsel<br>Building CS-4, Suite 1000, 2604 Jefferson Davis Highway<br>Alexandria, Virginia 22301-1025 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Estate of Matthew J. Burns, By Personal Representative and Surviving Heir, Sherrie Burns | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>01/12/1989 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>09/16/2012   Sunday | 7. TIME (A.M. OR P.M.)<br>4:30 p.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See Attachment

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not Applicable

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Attachment

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See Attachment | See Attachment |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 400,000.00 | 10,000,000 | 10,400,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Sherrie Burns by [signature], attorney | 615-893-6933 | 7-25-14 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

BPL#3731

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# ATTACHMENT TO CLAIM FOR DAMAGE, INJURY, OR DEATH

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occur-rence and the cause thereof).

A.  On September 16, 2012, decedent Matthew Burns was taken into custody by agents of the United States Government, the United States Marshals Service, and thereafter entrusted (pursuant to an existing contract) for detention at the Robertson County, Tennessee Detention Facility, operated and controlled by the Robertson County Sheriff's Department.

B.  Matthew J. Burns (hereinafter "decedent") was known to having exhibited serious mental health problems in the past, including a prior apparent suicide attempt. That fact was disclosed to the U.S. Marshals Service at the time the decedent was taken into custody, and was repeatedly emphasized by concerned family members who voiced repeatedly the need for the decedent to be carefully evaluated by proper medical personnel, and properly monitored during his incarceration.

C.  At the time the U.S. Marshals Service placed the decedent in the hands and control of the Robertson County Detention Facility (RCDF), it was known by the employees of the Marshals Service that RCDF was not equipped to provide for a proper evaluation or treatment of the decedent's mental health issues. That knowledge, in addition to information from decedent's family, was predicated upon a detailed report by the Civil Rights Division of the United States Department of Justice nearly one year earlier, August 26, 2011 (copy attached hereto) which clearly and unconditionally labeled RCDF as constitutionally inadequate for screening and treating inmates with mental health disorders, and warning of the impending likelihood of a suicide in the event intervening corrective steps are not properly effected to remove the deficiencies.

D.  Despite the detailed warnings and admonitions contained in the report by the Department of Justice, the United States Marshals Service continued to route federal custody inmates to RCDF for temporary detention, taking no steps to determine whether RCDF and Robertson County, Tennessee officials, had in any manner taken steps to improve what is described as unconstitutional conditions which are likely or with probability would lead to an eventual suicide at the jail. Attached as Exhibit "B" to the claim is a copy of the "Settlement Agreement" and the pleadings initiated by the United States of America against Robertson County, Tennessee in post-incident litigation which confirms and reinforces the awareness of the United States Marshals Service of the constitutional deficiencies at RCDF prior to the suicide of Matthew Burns. On September 16, 2012, shortly after the decedent was delivered to RCDF by the United States Marshals, Matthew Burns committed suicide by hanging. The decedent had been provided nothing which would resemble adequate pre-incarceration screening, despite the family warnings and the decedent's medical history, which included the taking of medications (noted on the intake chart) which produced side effects that include increased suicide risks, particularly when taken in combination with the two prescribed drugs.

E.  Deposition testimony in a related wrongful death/reckless indifference suit filed against Robertson County, Tennessee by the family of the decedent, reveals that the nursing staff

at RCDF was not provided (according to their assertion) the appropriate documents which were in the possession of the United States Marshals Service, which could have assisted in raising their heightened alertness regarding the decedent's suicidal propensities.

**10. Personal Injury/Wrongful Death** (State the nature and extent of each injury or cause of death, which forms the basis of the claim. If other than Claimant, state the name of the injured person or decedent).

The claim is presented by Sherrie Burns, nature mother, surviving heir, and personal legal representative of the estate of the decedent, Matthew J. Burns (see attached Probate Order). The assertion is that the United States Marshals Service acted negligently and with gross recklessness in patent disregard of the known and published findings of the United States Department of Justice, Civil Rights Division, which left no doubt that the Marshals Service was delivering an individual with known psychiatric propensities, taking prescribed medications which enhanced those propensities, to a facility which was absolutely ill-equipped to screen, evaluate, or provide treatment for a mentally disturbed individual. The present claim is that, as the direct, proximate, and foreseeable result of the negligent and grossly reckless conduct of the agents of the United States Marshals Service, Matthew J. Burns died as a result of suicide.

**11. Witnesses** (Name and address).

(a) Sherrie Burns, mother of the decedent and executrix of the estate;
(b) Denny W. King, U.S. Marshal;
(c) Joseph Johnson, Chief of Prisoner Operations, United States Marshals Service;
(d) Tiffani Eason, Assistant Chief, Office of Contracts and Agreements, Prisoner Operations division, United States Marshals Service;
(e) Stephen Jeremy Williams, decedent's brother-in-law;
(f) Emily Renee Williams, decedent's sister;
(g) Dr. Raju Indukura, a psychiatrist who previously treated the decedent;
(h) Mike Holly, Office of the Federal Public Defender, Nashville;
(i) Dr. Sally Ann Cunningham Johnson (expert witness), Forensic Psychiatry and Consultation, University of North Carolina, Department of Psychiatry, CB No. 7167, Chapel Hill, North Carolina 27599.

## U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 2.08 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 9.08 |

Postmark Here — Reeves-Sain CPU — JUL 25 2014 — Murfreesboro

Sent To: U.S. Marshals Serv. C/o Ms. Janice Tate
Street, Apt No.; Office of General Counsel
or PO Box No. Bldg CS-4, Suite 1000, 2604 Jefferson Davis Hwy
City, State, ZIP+4 Alexandria, VA 22301-1025

PS Form 3800, August 2006   See Reverse for Instructions

7013 2250 0000 9335 3090

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Marshals Service
C/o Ms. Janice Tate
Office of General Counsel
Bldg CS-4, Suite 1000
2604 Jefferson Davis Hwy.
Alexandria, VA
22301-1025

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): J. Brian
C. Date of Delivery: 7-29-2014

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type:
☒ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7013 2250 0000 9335 3090

PS Form 3811, July 2013 — Domestic Return Receipt